# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| ROBERT LEE ELLISON, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-08-1165 |
| | § | |
| PATTERSON-UTI DRILLING | § | |
| COMPANY, L.L.C., *et al.*, | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

This employment case is before the Court on Defendants' Motion to Transfer Venue ("Motion") [Doc. # 11] seeking transfer to the Victoria Division of this United States District Court pursuant to 28 U.S.C. § 1404(a). Plaintiff filed a Response [Doc. # 19] opposing the Motion, and Defendants filed a Reply [Doc. # 20]. Having reviewed the full record and the applicable legal authorities, the Court **grants** the Motion and transfers this case to the Victoria Division.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Robert Lee Ellison, an African-American male, was employed by Patterson-UTI Drilling Company, LP, n/k/a Patterson-UTI Drilling Company, L.L.C. ("Patterson") from January 3, 2006 until May 9, 2006. Patterson has its principal office in Snyder, Texas, maintains a company address in Houston, and has an office

in Victoria, Texas, from which Plaintiff received his work instructions. Plaintiff worked as a Floorhand on oil rigs in Vidor, Texas, and in Louisiana.

Plaintiff, the only African-American working on the oil rig, alleges that he was subjected to a racially hostile work environment involving persistent use of racial slurs by his supervisors and co-workers. Plaintiff alleges that he was told in April 2006 that his employment with Patterson was terminated. He called the Patterson office in Victoria, Texas, and complained of the termination and the use of racial slurs. Plaintiff was returned to work, but he alleges that he was then retaliated against for having reported the racial slurs. Plaintiff alleges that he again called the Patterson office in Victoria, but the retaliation continued.

Plaintiff alleges that he was scheduled to return to work on May 8, 2006, but his car would not be out of the repair shop until that morning. He alleges that he notified his supervisor that he would be late and that the supervisor told him that it was acceptable, but that he should report to work as soon as possible. Plaintiff alleges that when he arrived at the oil rig on May 8, 2006, the same supervisor told him that his employment was terminated.

Plaintiff alleges that he again called the Patterson office in Victoria and was told that Patterson would find another rig where he could work. Plaintiff telephoned the supervisor of the new rig and was told that there were no positions available. He

again called Patterson's Victoria office, left "a number of messages but never received a return call from Patterson." *See* First Amended Complaint [Doc. # 2], ¶ 17.

Plaintiff filed this lawsuit asserting violations of 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964. Defendants filed their Motion to Transfer Venue, asserting that the Victoria Division is a more appropriate venue pursuant to § 1404(a), primarily because it is more convenient for the witnesses. The Motion is fully briefed and is ripe for decision.

## II.   ANALYSIS FOR § 1404(a) TRANSFER

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district where it might have been brought."[1] 28 U.S.C. § 1404(a); *Casarez v. Burlington Northern/Santa Fe Co.*, 193 F.3d 334, 339 (5th Cir. 1999); *Harris County v. CarMax Auto Superstores, Inc.*, 177 F.3d 306, 319 (5th Cir. 1999). The party requesting transfer pursuant to § 1404(a) generally has the burden of showing that the case should be transferred. *See Evans*

---

[1] Generally, the "threshold issue under § 1404(a) is whether the plaintiff's claim could have been filed in the judicial district to which transfer is sought." *Ecoproduct Solutions, L.P. v. MMR Constructors, Inc.*, 2007 WL 4414039, *1 (S.D. Tex. Dec. 14, 2007) (citing *In re Volkswagen AG,* 371 F.3d 201, 203 (5th Cir. 2004)). In this case, however, Defendants are not seeking transfer to a different federal district, only to a different division within the same district. It is undisputed that the case could have been filed in this Court's Victoria Division.

*v. Cornell*, 2007 WL 2021765, *1 (S.D. Tex. July 10, 2007) (citing *Peteet v. Dow Chem. Co.*, 868 F.2d 1428, 1436 (5th Cir. 1989)).

The Court must consider both private and public factors to decide whether the Victoria Division would be more convenient for the parties and witnesses and whether the interests of justice would best be served by transfer. One factor is the plaintiff's choice of forum. A plaintiff's choice of forum is generally entitled to considerable deference, but it is not conclusive and can be outweighed by the private and public factors discussed below. *See Ecoproduct*, 2007 WL 4414039 at *2 (citing *In re Horseshoe Entertainment*, 337 F.3d 429, 434-35 (5th Cir. 2003)). In this case, Plaintiff lives in College Station, Texas, located at the outer boundary of the Houston Division. College Station is approximately 80 miles from Houston.

The private factors include: (1) the relative ease of access to evidence; (2) the availability of obtaining the attendance of unwilling witnesses and the cost of attendance for willing witnesses; (3) the place of the alleged wrong; and (4) any other practical issues that make trial of a case more easy, expeditious and inexpensive in the transferee district. *See Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen AG,* 371 F.3d at 203). Although there is little difference between the parties' access to evidence whether the case remains in Houston or is transferred to Victoria, many of Plaintiff's personnel records are in Patterson's Victoria office. The alleged wrong

occurred primarily on the oil rigs in Vidor, Texas, and in Louisiana, but the employment decisions regarding the termination of Plaintiff's employment were made in the Victoria office. Plaintiff concedes that no alleged misconduct occurred in Houston.

Most significantly for purposes of the Court's analysis of the private factors, there are at least five important witnesses who live beyond this Court's subpoena power but could be compelled to attend trial in Victoria. Three of these witnesses are no longer employed by Patterson. Two other key witnesses are no longer employed by Patterson and live closer to the federal courthouse in Victoria than Plaintiff lives to the federal courthouse in Houston. This private factor weighs heavily in favor of transfer to the Victoria Division.

The public factors include "(1) the administrative difficulties flowing from court congestion; (2) the local interest in having localized interests decided at home; (3) the familiarity of the forum with the law that will govern the case; and (4) the avoidance of unnecessary problems of conflict of laws or the application of foreign law." *Ecoproduct*, 2007 WL 4414039 at *1 (citing *In re Volkswagen*, 371 F.3d at 203). Any difference between the congestion of the dockets of the Victoria Division and the Houston Division is insignificant. There is no reason to believe that the resolution of this dispute is likely to be delayed by transfer. The two divisions both

have a local interest in this case because Plaintiff is a resident of the Houston Division and the allegedly retaliatory employment decisions were made in the Victoria Division. There are no foreign law or conflicts issues. The Court finds that the public factors are equally balanced.

The relevant factors – particularly regarding the availability of obtaining the attendance of unwilling witnesses – favor transfer of this dispute to the Victoria Division for the convenience of the parties and witnesses, and in the interest of justice.

### III.  CONCLUSION AND ORDER

The convenience of the parties and witnesses, and the interest of justice, favor transfer of this case to the Victoria Division of the Southern District of Texas. Accordingly, it is hereby

**ORDERED** that Defendants' Motion to Transfer [Doc. # 11] is **GRANTED** and this case is **TRANSFERRED** to the Victoria Division pursuant to 28 U.S.C. § 1404(a). The Court will issue a separate Transfer Order.

SIGNED at Houston, Texas, this **13th** day of **August, 2008**.

_____
Nancy F. Atlas
United States District Judge